# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERTA NELSON, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ARVEST BANK, )<br>)<br>    Defendant. ) | No. CIV-10-627-D |

## **O R D E R**

Before the Court is the motion for summary judgment [Doc. No. 16] of Defendant Arvest Bank (the "Bank"). Plaintiff Roberta Nelson ("Ms. Nelson") timely responded to the motion, and the Bank filed a reply.

Background:

Ms. Nelson brought this action to recover damages for injuries sustained in a December 12, 2007 fall at the Bank, located at 3900 Lincoln Boulevard in Oklahoma City. According to Ms. Nelson, she arrived at the Bank to check her safety deposit box; when she arrived, it was sleeting, and she walked from her vehicle to the Bank entrance. Ms. Nelson contends that, while walking down an interior stairwell to the safety deposit vault, she slipped on what she described as a "puddle of liquid" on the stairs. She alleges that she fell down the stairs; as a result, she contends she sustained severe and permanent injuries, suffered pain, and incurred medical expenses. She seeks to hold the Bank liable for negligently maintaining its premises.

The Bank seeks summary judgment, arguing the undisputed material facts in the record establish that Ms. Nelson cannot offer evidence to satisfy the essential elements of her claim. In

response, Ms. Nelson argues the evidence shows a factual dispute sufficient to preclude summary judgment.

Summary judgment standards:

Summary judgment shall be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The requirement that a dispute be "genuine" means simply that there must be more than "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To avoid summary judgment, a plaintiff must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.* The facts in the record and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex,* 477 U.S. at 322.

In opposing a summary judgment motion, a plaintiff cannot rely on the allegations in her complaint, her personal beliefs, or conclusory assertions; rather, she must come forward with evidence outside the pleadings sufficient to create a material factual dispute with regard to the issue on which judgment is sought. Fed.R.Civ.P. 56(c); *Celotex*, 477 U.S. at 324. It is not the responsibility of the summary judgment movant to disprove the plaintiff's claim; rather, the movant need only point to "a lack of evidence for the nonmovant on an essential element of the nonmovant's

claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). The burden then shifts to the nonmovant to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citations omitted). The facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. 144 F.3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992), *cert. denied,* 506 U.S. 1013 (1992)). Conclusory arguments in the nonmovant's brief are not sufficient to avoid summary judgment. *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003) ("[c]onclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment."); *Adler,* 144 F.3d at 671-72.

The record before the Court:

The record before the Court reflects that the parties do not dispute that, on December 12, 2007, Ms. Nelson visited the Bank to check her safety deposit box. The parties also agree that the weather was cold and wet that day, and that it was sleeting at the time Ms. Nelson walked from her home to her vehicle; the parties also agree that it was sleeting when she walked from her vehicle to the Bank entrance. Although no one witnessed her fall, it is not disputed that, while walking down the interior stairs of the Bank to the safety deposit box vault, Ms. Nelson fell. After she fell, three Bank employees assisted her.

In her deposition, Ms. Nelson was expressly asked whether she saw liquid on the stairs prior to her fall; she testified that she did not. Plaintiff's dep., Bank Ex. 2, p. 77, lines 24-25; p. 78, lines 1-3; p. 80, lines 17-19. She also testified that, after her fall, she did not inspect the steps. *Id.* Ms. Nelson was expressly asked whether she saw any liquid on the steps at any point on December 12,

3

2007, prior to or after her fall; she testified that she did not. Plaintiff's dep., p. 80, lines 20-23. She further testified that she could not swear under oath that there was liquid on a step in the stairwell. *Id.*, p. 81, lines 3-7. She testified that she believed there must have been liquid on the steps because, after falling, she noticed her clothing was wet all over; however, she also testified she had just come into the Bank after having been outside, where it was sleeting. Plaintiff's dep., p. 43, lines 1-17. She did not look for a puddle of water or other liquid after her fall. *Id.*, lines 18-21. She testified that three Bank employees helped her stand up after the fall, and she told them there was some type of liquid on the steps, but she did not show them where the liquid was located. Plaintiff's dep., p. 42, lines 18-24. Plaintiff believes there was water, coffee, or some type of liquid on the steps; when asked if she was making an assumption that there was some type of liquid on the steps, she testified that was correct. *Id.*, p. 80, lines 24-25; p. 81, lines 1-2.

Application:

Under Oklahoma law, the duties owed by a premises owner to individuals vary according to whether the individual is a trespasser, a licensee, or an invitee. In this case, the parties agree Ms. Nelson was an invitee of the Bank. In Oklahoma, the duty owed to an invitee is as follows:

> To an invitee, an owner owes the additional duty of exercising reasonable care to keep the premises in a reasonably safe condition for the reception of the visitor. Even vis-a-vis an invitee, to whom a landowner owes the highest duty in this trichotomous classification system, the law does not require that the landowner protect the invitee against dangers which are so apparent and readily observable that one would reasonably expect them to be discovered. In other words, a landowner owes to an invitee, as well as a licensee, a duty to protect him from conditions which are in the nature of hidden dangers, traps, snares and the like.

*Pickens v. Tulsa Metropolitan Ministry,* 951 P. 2d. 1079, 1083-84 (Okla. 1997).

"It is axiomatic that the mere fact that an injury occurs carries with it no presumption of negligence. Also that in an action to recover damages for an injury caused by negligence, the burden

4

is on the plaintiff to show the existence of negligence, and that the negligence was the proximate cause of the injury." *Gilliam v. Lake Country Raceway*, 24 P. 3d 858, 860 (Okla. 2001). "The question of proximate cause is for the jury unless there is no competent evidence from which the jury could reasonably find a causal nexus between the act and the injury." *Id.*

In this case, Ms. Nelson argues the Bank was negligent in allowing water or some other liquid to remain on the stairs without properly warning Ms. Nelson of the danger resulting from that condition. The Bank argues Ms. Nelson cannot, as a matter of law, present evidence of proximate cause because she admits she saw no liquid on the steps or stairway, and her contention that liquid was on the stairs is supported only by her speculation that it must have been present, even though she never saw any liquid.

The Bank correctly argues that the Oklahoma Supreme Court has held that an inference of negligence necessary to support a premises liability claim cannot be based on speculation:

> "An inference of negligence must be based upon something other than mere conjecture or speculation, and it is not sufficient to introduce evidence of a state of facts simply consistent with or indicating a mere possibility, or which suggests with equal force and leaves fully as reasonable an inference of the non-existence of negligence. The inference of negligence must be the more probable and more reasonable inference to be drawn from the evidence."

*Gilliam*, 24 P. 3d at 860-61 (quoting *Lawson v. Anderson & Kerr Drilling Co.*, 84 P. 2d 1104(Okla. 1938)); *Arrington v. Young*, 366 P. 2d 400, 402 (Okla. 1961). Where the evidence is based on speculation as to the cause of an injury, a "prima facie case is not established." *Gilliam,* 24 P. 3d at 860 (citing *Safeway Stores v. Fuller*, 118 P. 2d 649 (Okla. 1941)).

*Gilliam* and *Arrington* involved circumstances in which the plaintiff was injured in a fall; in each case, there were no witnesses to the fall at issue. Each plaintiff testified that they did not know why he fell and, in each case, the court found the absence of evidence to support causation

5

was fatal to the claim. In *Gilliam*, a minor was injured in a fall at a public raceway; he testified that he slipped and somehow caught his leg on a rail, but he did not know "what it was I slid down on." *Gilliam*, 24 P.3d at 860. He also testified that " I just remember I slipped in something," but admitted he did not know what it was. *Id.* The Oklahoma Supreme Court found the trial court correctly entered a directed verdict because the plaintiff "presented no evidence as to why Kyler fell, and the trial court found that there would have been nothing more than conjecture and speculation by the jury as to the proximate cause of his injury." *Gilliam*, 24 P. 3d at 860.

In *Arrington,* the plaintiff asserted a claim based on her fall in a stairway in a public building. When asked why she fell, she testified that she was not certain what happened; however, she testified that the stairwell was dark and she was unable to see clearly, and that might have been the cause of her fall. *Arrington*, 366 P. 2d at 401. Finding there was no direct evidence of causation, the court noted that causation could be established by circumstantial evidence. However, "such evidence must have sufficient probative force to constitute the basis of a legal inference, rather than mere speculation, and the circumstances proved must lead to the conclusion with reasonable certainty and probability." *Id.* Because the plaintiff admitted uncertainty regarding the cause of her fall and gave conflicting explanations for the possible cause, the court found the testimony too speculative to allow the jury to find proximate cause. *Id.* at 402.

In this case, Ms. Nelson's own testimony is the only evidence she argues is sufficient to create a material fact dispute regarding the elements of her claim. However, Ms. Nelson's testimony regarding the reason she fell on the Bank's stairs is based only on her belief that some type of liquid must have been on the steps. She admits she saw no liquid of any kind on the steps either before or after her fall. There is no evidence that anyone else saw liquid on the steps. She

6

testified that she told Bank employees that she slipped on liquid, but did not show them any liquid and, in fact, she admitted she did not see liquid on the steps. Although Ms. Nelson testified that her clothing was wet after the fall, she also testified that she had walked from her vehicle to the Bank entrance while it was sleeting.

Although the Court sympathizes with Ms. Nelson regarding her injuries, the Court must conclude that the evidence is insufficient to create a factual dispute from which a reasonable jury could conclude that Ms. Nelson's fall was caused by the Bank's negligence in allowing liquid to remain on the stairs and failing to warn Ms. Nelson of the presence of that liquid.

To avoid summary judgment, "the nonmovant must establish, at a minimum, 'an inference of the existence of each element essential to [her] case.' " *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003) (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir.1994)). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Phillips v. Calhoun*, 956 F.2d 949, 950 n. 3 (10th Cir.1992). Ms. Nelson's testimony is insufficient to satisfy these requirements. Her personal beliefs are not sufficient to constitute factual evidence of the existence of the liquid; while it may be possible to infer that she fell because she slipped on liquid on the stairs, it is equally possible to infer that she fell because of other reasons. To reach the conclusion she suggests, a jury would have to engage in speculation and conjecture as to what caused her fall. "[E]vidence which makes it necessary to speculate as to what caused an accident is not sufficient...to take the issue of negligence to the jury for determination." *Gilliam,* 24 P. 3d at 860. Accordingly, the Bank's motion for summary judgment is GRANTED.

Conclusion:

For the foregoing reasons, the Bank's motion for summary judgment [Doc. No. 16] is GRANTED. Judgment shall be entered in favor of the Bank and against Ms. Nelson on all claims asserted herein.

IT IS SO ORDERED this 1st day of August, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE